# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  10-** |
| **v.** | : | **DATE FILED:** |
| **STEPHEN RIOS,** | : | **VIOLATIONS:** |
| **WALLACE MORRIS,** | | **18 U.S.C. § 1341 (mail fraud - 40 counts)** |
| **a/k/a "Pop,"** | : | **18 U.S.C. § 2(a) (aiding and abetting)** |
| **JERMAINE BLASSENGALE,** | | **Notice of Forfeiture** |
| **GLEN BRITTON,** | : | |
| **WALTER BURNETT,** | | |
| **FABIAN FISHER,** | : | |
| **BYRON GOODEN,** | | |
| **EARL HAINES,** | : | |
| **GLORI A. KASNER,** | | |
| **MARK MILLER,** | : | |
| **LISA OUTLAW,** | | |
| **ANTHONY POLLITT,** | : | |
| **LARRY RICHARDSON,** | | |
| **THOMAS RIPPY,** | : | |
| **REYNALDO RIVERA,** | | |
| **MICHAEL SEALEY, and** | : | |
| **PATRICK WATSON** | | |

## I N D I C T M E N T

## COUNTS ONE THROUGH FOUR

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1.      Defendant STEPHEN RIOS was a practicing chiropractor with offices at Rios Chiropractic Center, 7261 Revere Street, Philadelphia, Pennsylvania.

2.      Daniel Cupaiuolo (charged elsewhere) was a manager of an auto body shop located at 9410 Clark Street, Philadelphia, Pennsylvania.

## THE SCHEME TO DEFRAUD

3.      From on or about October 29, 2003, through on or about July 23, 2007,

defendants

**STEPHEN RIOS,
GLEN BRITTON,
ANTHONY POLLITT, and
REYNALDO RIVERA,**

and David Blunt and Daniel Cupaiuolo (both charged elsewhere), devised and intended to devise

a scheme to defraud, and to obtain money and property by means of false and fraudulent

pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

4.      Defendants STEPHEN RIOS, GLEN BRITTON, ANTHONY POLLITT, and

REYNALDO RIVERA, and David Blunt and Daniel Cupaiuolo:

        a.      filed, and aided and abetted the filing of, fraudulent insurance

claims by staging an automobile accident in order to obtain free chiropractic treatment and to

recover personal injury settlements from a victim insurance company for no injuries;

        b.      recruited participants to be named drivers and passengers in a

staged automobile accident and provided them with a fictitious story to report to the victim

insurance company;

        c.      falsified chiropractic treatment records and billed for fictitious services

purportedly provided to alleged accident victims in order to obtain more money for the service

provider and in order to obtain higher civil settlement payments for the alleged accident victims.

2

5.      Between on or about October 29, 2003 and on or about July 23, 2007, defendants ANTHONY POLLITT, GLENN BRITTON, and REYNALDO RIVERA, and David Blunt and Daniel Cupaiuolo, were participants in the submission of fraudulent accident claims resulting from a staged automobile accident at Welsh and Blue Grass Roads, Philadelphia, Pennsylvania, which allegedly occurred on October 29, 2003.

6.      On or about October 29, 2003, Daniel Cupaiuolo recruited participants for this staged accident and paid defendant REYNALDO RIVERA a kickback for his participation in this staged accident.

7.      Between on or about October 29, 2003 and on or about July 23, 2007,  defendants ANTHONY POLLITT and GLENN BRITTON and David Blunt obtained treatment from defendant STEPHEN RIOS for their alleged injuries that resulted from this staged accident.

8.      Between on or about October 29, 2003 and on or about July 23, 2007, defendant STEPHEN RIOS billed MetLife Auto & Home for more visits than he actually provided to David Blunt.

9.      Between on or about October 29, 2003 and on or about July 23, 2007, defendants ANTHONY POLLITT and GLEN BRITTON filed false accident claims and visited defendant STEPHEN RIOS for chiropractic treatment, knowing that defendant RIOS would bill an insurance company for treatment of their non-existent injuries.

10.      Between on or about October 29, 2003 and on or about July 23, 2007, David Blunt fraudulently received a civil settlement payment for $7,500 from MetLife Auto & Home, which was partially based upon fictitious treatment records for Blunt made by defendant STEPHEN RIOS.

11.     On or about December 16, 2005, defendant ANTHONY POLLITT, aided and abetted by defendant REYNALDO RIVERA, fraudulently received a civil settlement payment for $4,000 from MetLife Auto & Home.

12.     On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**STEPHEN RIOS,**
**GLEN BRITTON,**
**ANTHONY POLLITT, and**
**REYNALDO RIVERA,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of staged accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 1 | Stephen Rios | 10/29/03 | Check to Rios C Center from MetLife Auto & Home for treatment of David Blunt for $1,946.64 | 07/23/07 |
| 2 | Anthony Pollitt | 10/29/03 | Check to Rios C Center from MetLife Auto & Home for treatment of Anthony Pollitt for $211.82 | 11/28/06 |

| 3 | Anthony Pollitt Reynaldo Rivera | 10/29/03 | Check to Anthony Pollitt and J.A.K. as Attorney from MetLife Auto & Home for $4,000 | 12/16/05 |
|---|---|---|---|---|
| 4 | Glen Britton | 10/29/03 | Check to Rios C Center from MetLife Auto & Home for treatment of Glen Britten for $715.60 | 03/22/07 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNTS FIVE THROUGH EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1.       Paragraph 1of Count One of this indictment is incorporated here.

### THE SCHEME TO DEFRAUD

2.       From on or about January 8, 2004, through on or about March 16, 2005,

defendants

**STEPHEN RIOS,
WALLACE MORRIS, SR.,
a/k/a "Pop,"
LISA OUTLAW, and
MICHAEL SEALEY**

and Kenneth Matthews and Thomas Crump (both charged elsewhere), and others known to the

grand jury, devised and intended to devise a scheme to defraud, and to obtain money and

property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.       Defendants STEPHEN RIOS, WALLACE MORRIS, SR., LISA OUTLAW, and

MICHAEL SEALEY, and Kenneth Matthews and Thomas Crump:

a.       filed, and aided and abetted the filing of, fraudulent insurance claims by

falsely representing that an automobile accident had occurred in order to obtain free chiropractic

treatment and to recover personal injury settlements from a victim insurance company for no

injuries;

b.      recruited participants to be named drivers and passengers in a fictitious automobile accident and provided them with a fictitious story to report to the victim insurance company;

c.      falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

4.      Between on or about January 8, 2004 and on or about March 16, 2005, defendants STEPHEN RIOS, WALLACE MORRIS, SR., LISA OUTLAW, and MICHAEL SEALEY, and Kenneth Matthews and Thomas Crump, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at 1300 Wingohocking, Philadelphia, Pennsylvania, which allegedly occurred on January 8, 2004.

5.      Between on or about January 8, 2004 and on or about March 16, 2005, defendant WALLACE MORRIS, SR. provided a fictitious story for Kenneth Matthews and Thomas Crump to tell concerning the circumstances of the fictitious accident.

6.      Between on or about January 8, 2004 and on or about March 16, 2005, defendant WALLACE MORRIS, SR. referred Matthews and Crump to defendant STEPHEN RIOS for treatment of their fictitious injuries.

7.      Between on or about January 8, 2004 and on or about March 16, 2005, defendant STEPHEN RIOS falsified the medical records of Kenneth Matthews and fraudulently billed a victim insurance company for more visits and more chiropractic manipulations than he actually provided to Kenneth Matthews.

7

8.      Between on or about January 8, 2004 and on or about March 16, 2005, defendant STEPHEN RIOS falsified the medical records of Thomas Crump and fraudulently billed a victim insurance company for more visits and more chiropractic manipulations than he actually provided to Thomas Crump.

9.      On or about March 11, 2005, Kenneth Matthews fraudulently received a civil settlement payment for $11,500 from Cambridge Integrated Services, Inc., which was partially based upon the fictitious treatment records for Matthews that were made by defendant STEPHEN RIOS.

10.     On or about March 11, 2005, Thomas Crump fraudulently received a civil settlement payment for $10,000 from Cambridge Integrated Services, Inc., which was partially based upon the fictitious treatment records for Crump that were made by defendant STEPHEN RIOS.

11.     On or about March 11, 2005, Thomas Crump paid a $2,000 kickback to defendant WALLACE MORRIS, SR.

12.     On or about March 11, 2005, defendant LISA OUTLAW fraudulently received a civil settlement payment for $10,000 from Cambridge Integrated Services, Inc.

13.     On or about March 16, 2005, defendant MICHAEL SEALEY fraudulently received a civil settlement payment for $3,750 from Cambridge Integrated Services, Inc.

14.     On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop,"**

8

**LISA OUTLAW, and**
**MICHAEL SEALEY**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and

abetting its execution, knowingly caused to be delivered by the United States Postal Service,

according to the directions thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|-------|-----------|-------------------------|---------|-----------------|
| 5 | Lisa Outlaw | 01/08/04 | Check to Lisa Outlaw and Glori A. Kasner from Cambridge Integrated Services Group, Inc. for $10,000 | 03/11/05 |
| 6 | Stephen Rios Wallace Morris, Sr. | 01/08/04 | Check to Kenneth Matthews and Glori A. Kasner from Cambridge Integrated Services Group, Inc. for $11,500 | 03/11/05 |
| 7 | Stephen Rios Wallace Morris, Sr. | 01/08/04 | Check to Thomas Crump and Glori A. Kasner from Cambridge Integrated Services Group, Inc. for $10,000 | 03/11/05 |
| 8 | Michael Sealey | 01/08/04 | Check to Michael Sealey and Law Offices of J.J. K. from Cambridge Integrated Services Group, Inc. for $3,750 | 03/16/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

9

<u>**COUNT NINE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraph 1of Count One of this indictment is incorporated here.

2.      At all times material to this indictment, Jerry Blassengale, a/k/a "B.J." (charged elsewhere),  was a tow truck operator in the city of Philadelphia.

3.      At all times material to this indictment, Drexel Reid (charged elsewhere) was a Philadelphia police officer.

<u>**THE SCHEME TO DEFRAUD**</u>

4.      From on or about January 15, 2004, through on or about June 2, 2005, defendant

**STEPHEN RIOS**

and Wallace Morris, Sr., a/k/a/"Pop," Jerry Blassengale, a/k/a "B.J.," Monica McKnight, Sherrean Ruffin, Tyrone Dangerfield, and Angelina Adu (all charged elsewhere), and others known to the grand jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

<u>**MANNER AND MEANS**</u>

It was part of the scheme that:

5.      Defendant STEPHEN RIOS and Wallace Morris, Sr., Jerry Blassengale, Monica McKnight, Sherrean Ruffin, Tyrone Dangerfield, and Angelina Adu:

a.      filed, and aided and abetted the filing of, fraudulent insurance claims by falsely representing that an automobile accident had occurred in order to obtain free chiropractic treatment from a victim insurance company for no injuries;

      b.      recruited participants to be named drivers and passengers in a fictitious automobile accident and provided them with a fictitious story to report to the victim insurance company;

      c.      referred alleged accident victims to a chiropractor and attorneys;

      d.      falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider.

6.      Between on or about January 15, 2004 and on or about June 2, 2005, defendant STEPHEN RIOS, and Wallace Morris, Jerry Blassengale, Monica McKnight, Sherrean Ruffin, Tyrone Dangerfield, and Angelina Adu, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at the exit ramp at Interstate 95 and Allegheny Avenue, Philadelphia, Pennsylvania, which allegedly occurred on January 15, 2004.

7.      Between on or about January 15, 2004 and on or about June 2, 2005, Wallace Morris, Sr. recruited participants to be a part of this fictitious accident, referred them to defendant STEPHEN RIOS and a lawyer, and accompanied some participants to defendant RIOS' office.

8.      Between on or about January 15, 2004 and on or about June 2, 2005, Jerry Blassengale obtained a false police report for this fictitious accident from Drexel Reid, recruited participants to be a part of this fictitious accident, provided a fictitious story for the participants to tell concerning the alleged accident, and referred them to defendant STEPHEN RIOS.

9.     Between on or about January 15, 2004 and on or about June 2, 2005, defendant STEPHEN RIOS falsified the medical records of Angelina Adu and Tyrone Dangerfield and fraudulently billed the victim insurance companies for more visits and more chiropractic manipulations than he actually provided to Adu and Dangerfield.

10.     On or about June 2, 2005, in the Eastern District of Pennsylvania and elsewhere, defendant

**STEPHEN RIOS**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|-------|-----------|-------------------------|---------|-----------------|
| 9 | Stephen Rios | 01/15/04 | Check to Rios Chiropractic Center from State Farm Mutual Automobile Insurance Company for treatment of Ty Dangerfield for $203 | 06/02/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNTS TEN THROUGH TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraph 1of Count One, and paragraphs 1 and 3 of Count Nine of this indictment are incorporated here.

2.      At all times material to this indictment, defendant GLORI A. KASNER was a practicing attorney in the Eastern District of Pennsylvania.

### THE SCHEME TO DEFRAUD

3.      From on or about February 12, 2004, through on or about May 17, 2005, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop,"**
**GLORI A. KASNER, and**
**THOMAS RIPPY,**

and James Brown, and Aiesha Roane (both charged elsewhere), and J.B., and others known to the grand jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

4.      Defendants STEPHEN RIOS, WALLACE MORRIS, SR., GLORI A. KASNER, and THOMAS RIPPY and J.B., James Brown, and Aiesha Roane:

        a.      filed, and aided and abetted the filing of, fraudulent insurance claims by falsely representing that an automobile accident had occurred in order to obtain free chiropractic

13

treatment and to recover personal injury settlements from a victim insurance company for no injuries;

       b.    recruited participants to be named drivers and passengers in a fictitious automobile accident and provided them with a fictitious story to report to the victim insurance company;

       c.    referred alleged accident victims to a chiropractor and attorneys;

       d.    falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

5.    Between on or about February 12, 2004 and on or about May 17, 2005, defendants STEPHEN RIOS, WALLACE MORRIS, SR., GLORI A. KASNER, and THOMAS RIPPY and J.B., James Brown, and Aiesha Roane, and another person known to the grand jury, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at Interstate 76 and Route #1, Philadelphia, Pennsylvania, which allegedly occurred on February 12, 2004.

6.    Between on or about February 12, 2004 and on or about May 17, 2005, defendant THOMAS RIPPY recruited James Brown to be a participant in this fictitious accident.

7.    Between on or about February 12, 2004 and on or about May 17, 2005, J.B. obtained a false police report for this fictitious accident from Drexel Reid, promised James Brown money to participate in the fictitious accident, and introduced James Brown to defendant WALLACE MORRIS, SR.

8.      Between on or about February 12, 2004 and on or about May 17, 2005, defendant WALLACE MORRIS, SR. provided a fictitious story for James Brown and Aiesha Roane to tell concerning the fictitious accident, and referred Roane to defendant STEPHEN RIOS.

9.      Between on or about February 12, 2004 and on or about May 17, 2005, defendant STEPHEN RIOS falsified the medical records of Aiesha Roane and fraudulently billed Allstate Insurance Company for more visits and more chiropractic manipulations than he actually provided to Aiesha Roane.

10.     On or about May 17, 2005, Aiesha Roane and defendant GLORI A. KASNER fraudulently received a civil settlement payment for $7,000 from Safe Auto Insurance Company, which was partially based upon the fictitious treatment records for Aiesha Roane submitted by defendant STEPHEN RIOS.

11.     On or about May 17, 2005, defendant WALLACE MORRIS, Sr. fraudulently received a civil settlement payment from Safe Auto Insurance Company for $7,000.

12.     On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop,"**
**GLORI A. KASNER, and**
**THOMAS RIPPY,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of fictitious accident claims:

15

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 10 | Stephen Rios | 02/12/04 | Check to Rios Chiropractic Center from Allstate Insurance Company for treatment of Aiesha Roane for $583.71 | 03/28/05 |
| 11 | Stephen Rios Wallace Morris, Sr. Glori A. Kasner | 02/12/04 | Check to Aiesha Roane and Glori A. Kasner from Safe Auto Insurance Company for $7,000 | 05/17/05 |
| 12 | Wallace Morris, Sr. Thomas Rippy | 02/12/04 | Check to Wallace Morris and Glori A. Kasner from Safe Auto Insurance Company for $7,000 | 05/17/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNTS THIRTEEN AND FOURTEEN

**THE GRAND JURY  FURTHER CHARGES THAT:**

1.      Paragraph 2 of Count One of this indictment is incorporated here.

## THE SCHEME TO DEFRAUD

2.      From on or about March 17, 2004, through on or about July 28, 2006,

defendants

### LARRY RICHARDSON and
### PATRICK WATSON,

and Daniel Cupaiuolo and Shannon Brooks (both charged elsewhere), devised and intended to

devise a scheme to defraud, and to obtain money and property by means of false and fraudulent

pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

3.      Defendants LARRY RICHARDSON and PATRICK WATSON, and Daniel

Cupaiuolo and Shannon Brooks, filed and aided and abetted the filing of fraudulent insurance

claims by staging an automobile accident in order to obtain free chiropractic treatment and to

recover personal injury settlements from a victim insurance company for no injuries;

4.      Between on or about March 17, 2004 and on or about July 28, 2006, defendants

LARRY RICHARDSON and PATRICK WATSON, and Daniel Cupaiuolo and Shannon Brooks,

were participants in the submission of fraudulent accident claims resulting from a staged

automobile accident at Academy Road and Outlook Avenue, Philadelphia, Pennsylvania, which

allegedly took place on March 17, 2004.

17

5.      Between on or about March 17, 2004 and on or about July 28, 2006, defendant LARRY RICHARDSON went to treat for his alleged injuries as a result of this staged accident with Stephen Rios, and filed a false accident claim, knowing that Rios would bill an insurance company for his non-existent injuries.

6.      Between on or about March 17, 2004 and on or about July 28, 2006, defendant LARRY RICHARDSON, aided and abetted by defendant PATRICK WATSON,  fraudulently received a civil settlement from Liberty Mutual Insurance Company for $7,500.

7.      On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**LARRY RICHARDSON and
PATRICK WATSON**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of staged accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 13 | Larry Richardson | 03/17/04 | Check to Rios Chiropractic Center from AIG National Insurance Company, Inc. for treatment of Larry Richardson for $100.92 | 01/11/06 |
| 14 | Larry Richardson Patrick Watson | 03/17/04 | Check to J.J.K. and Larry Richardson II from Liberty Mutual Insurance Company for $7,500 | 07/28/06 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

18

## COUNTS FIFTEEN THROUGH TWENTY

**THE GRAND JURY FURTHER CHARGES THAT:**

1.        Paragraph 1 of Count One of this indictment is incorporated here.

### THE SCHEME TO DEFRAUD

2.        From on or about May 1, 2004, through on or about March 15, 2006, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop," and**
**MARK MILLER**

and Denise Taggert, Robert Smith, Yvette Jones, and Deborah Johnson (all charged elsewhere),

and J.B., and another known to the grand jury, devised and intended to devise a scheme to

defraud, and to obtain money and property by means of false and fraudulent pretenses,

representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.        Defendants STEPHEN RIOS, WALLACE MORRIS, SR., and MARK MILLER,

and J.B., Denise Taggert, Robert Smith, Yvette Jones, and Deborah Johnson:

a.        filed, and aided and abetted the filing of, fraudulent insurance claims by

falsely representing that an automobile accident had occurred in order to obtain free chiropractic

treatment and to recover personal injury settlements from a victim insurance company for no

injuries;

19

b. recruited participants to be named drivers and passengers in a fictitious automobile accident and provided them with a fictitious story to report to the victim insurance company;

c. referred alleged accident victims to a chiropractor and attorneys;

d. falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

4. Between on or about May 1, 2004 and on or about March 15, 2006, defendants STEPHEN RIOS, WALLACE MORRIS, SR., and MARK MILLER, and J.B., Denise Taggert, Robert Smith, Yvette Jones, and Deborah Johnson, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at westbound Interstate 76 and Vare Avenue, Philadelphia, Pennsylvania, which allegedly occurred on May 1, 2004.

5. Between on or about May 1, 2004 and on or about March 15, 2006, J.B. recruited participants for this fictitious accident, obtained a false police report for the fictitious accident, and referred a participant to defendant STEPHEN RIOS.

6. Between on or about May 1, 2004 and on or about March 15, 2006, defendant WALLACE MORRIS, SR. recruited participants for this fictitious accident, provided a fictitious story for participants to tell concerning this fictitious accident, and accompanied participants to the office of defendant STEPHEN RIOS.

7. Between on or about May 1, 2004 and on or about March 15, 2006, defendant STEPHEN RIOS falsified the medical records of Denise Taggert and fraudulently billed a victim

insurance company for more chiropractic manipulations than he actually provided to Denise Taggert.

8.      Between on or about May 1, 2004 and on or about March 15, 2006, defendant STEPHEN RIOS falsified the medical records of  Robert Smith and fraudulently billed a victim insurance company for more visits and more chiropractic manipulations than he actually provided to Robert Smith.

9.      On or about December 15, 2005, Denise Taggert fraudulently received a civil settlement payment for $6,300 from Cambridge Integrated Services, Inc., which was partially based upon the fictitious treatment record for Taggert made by defendant STEPHEN RIOS.

10.     On or about December 15, 2005, Robert Smith fraudulently received a civil settlement payment for $5,300 from Cambridge Integrated Services, Inc., which was partially based upon the fictitious treatment record for Taggert made by defendant STEPHEN RIOS.

11.     On or about December 15, 2005, Robert Smith paid a $1,000 kickback to defendant WALLACE MORRIS, SR.

12.     On or about October 7, 2005, Deborah Johnson, aided and abetted by defendant WALLACE MORRIS, SR., fraudulently received a civil settlement payment for $7,000 from Cambridge Integrated Services Group, Inc.

13.     On or about December 15, 2005, defendant MARK MILLER, aided and abetted by defendant WALLACE MORRIS, SR., fraudulently received a civil settlement payment for $5,300 from Cambridge Integrated Services Group, Inc.

14.     On or about the below dates in the Eastern District of Pennsylvania and

elsewhere, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop," and**
**MARK MILLER**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and

abetting its execution, knowingly caused to be delivered by the United States Postal Service,

according to the directions thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 15 | Stephen Rios | 05/01/04 | Check to Rios Chiropractic Center from Progressive Casualty Insurance Company for treatment of Robert Smith for $185.28 | 03/15/06 |
| 16 | Stephen Rios | 05/01/04 | Check to Rios Chiropractic Center from Progressive Casualty Insurance Company for treatment of Denise Tagart for $61.76 | 03/15/06 |
| 17 | Stephen Rios Wallace Morris, Sr. | 05/01/04 | Check to Denise Taggart and Glori A. Kasner from Cambridge Integrated Services Group, Inc. for $6,300 | 12/15/05 |
| 18 | Stephen Rios Wallace Morris, Sr. | 05/01/04 | Check to Robert Smith and Glori A. Kasner from Cambridge Integrated Services Group, Inc. for $5,300 | 12/15/05 |
| 19 | Wallace Morris, Sr. | 05/01/04 | Check to Deborah Johnson and J.J.K. from Cambridge Integrated Services Group, Inc. for $7,000 | 10/07/05 |
| 20 | Wallace Morris, Sr. Mark Miller | 05/01/04 | Check to Mark Miller and Glori A. Kasner from Cambridge Integrated Services Group, Inc for $5,300. | 12/15/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

22

## COUNTS TWENTY-ONE AND TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraph 1 of Count 1 of this indictment are incorporated here.

### THE SCHEME TO DEFRAUD

2.      From on or about July 2, 2004, through on or about September 26, 2005,

defendants

**STEPHEN RIOS,
WALLACE MORRIS, SR.,
a/k/a "Pop,"
EARL HAINES, and
WALTER BURNETT**

and Asia McCrary, Lynnae Robinson, and Herman Davis (all charged elsewhere), and J.B., and

others  known to the grand jury, devised and intended to devise a scheme to defraud, and to

obtain money and property by means of false and fraudulent pretenses, representations and

promises.

### MANNER AND MEANS

It was part of the scheme that:

3.      Defendants STEPHEN RIOS, WALLACE MORRIS, SR., EARL HAINES, and

WALTER BURNETT, and J.B., Asia McCrary, Lynnae Robinson, and Herman Davis:

a.      filed, and aided and abetted the filing of, fraudulent insurance claims by

falsely representing that an automobile accident had occurred in order to obtain free chiropractic

treatment and to recover personal injury settlements from a victim insurance company for no

injuries;

23

      b.     recruited participants to be named drivers and passengers in a fictitious automobile  accident and provided them with a fictitious story to report to the victim insurance company;

      c.     referred alleged accident victims to a chiropractor and attorneys;

      d.     falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

4.     Between on or about July 2, 2004 and on or about September 26, 2005, defendants STEPHEN RIOS, WALLACE MORRIS, SR., EARL HAINES, and WALTER BURNETT, and J.B., Asia McCrary, Lynnae Robinson, and Herman Davis, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at eastbound Interstate 76 and Vine Street, Philadelphia, Pennsylvania, which allegedly occurred on July 2, 2004.

5.     Between on or about July 2, 2004 and on or about September 26, 2005, defendants WALLACE MORRIS and EARL HAINES recruited participants to be involved in this fictitious accident.

6.     Between on or about July 2, 2004 and on or about September 26, 2005, defendant EARL HAINES provided a fictitious story for Asia McCrary to tell concerning this accident, took Asia McCrary to the office of defendant STEPHEN RIOS, and shared part of the fraudulent civil settlement received by Asia McCrary as a result of this alleged accident.

7.     Between on or about July 2, 2004 and on or about September 26, 2005, defendant STEPHEN RIOS falsified the medical records of Asia McCrary and fraudulently billed Safe

Auto Insurance Company for more visits and more chiropractic manipulations than he actually provided to Asia McCrary.

       8.      On or about August 26, 2005, Asia McCrary, aided and abetted by defendants

                EARL

HAINES and WALTER BURNETT, fraudulently received a civil settlement payment for $8,000 from Safe Auto, which was partially based upon the fictitious treatment records for McCrary made by defendant STEPHEN RIOS.

       9.      On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop,"**
**EARL HAINES, and**
**WALTER BURNETT**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 21 | Stephen Rios | 07/02/04 | Check to Rios Chiropractic Center from Safe Auto Insurance Company for treatment of Asia McCrary for $608.01 | 09/26/05 |
| 22 | Stephen Rios Wallace Morris, Sr. Earl Haines Walter Burnett | 07/02/04 | Check to Asia McCrary and Glori A. Kasner from Safe Auto Insurance Company for $8,000 | 08/26/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNTS TWENTY-THREE THROUGH TWENTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.        Paragraph 1 of Count 1, paragraph 2 of Count Nine, and paragraph 2 of Count 10 of this indictment are incorporated here.

## THE SCHEME TO DEFRAUD

2.        From on or about July 12, 2004, through on or about January 23, 2007, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop," and**
**GLORI A. KASNER,**

and Verletha Perry, Booker Hinson, Moses Lewis, and Kirk Battle (all charged elsewhere), and J.B., and others known to the grand jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

3.        Defendants STEPHEN RIOS, WALLACE MORRIS, SR., and GLORI A. KASNER, and J.B., Verletha Perry, Booker Hinson, Moses Lewis, and Kirk Battle:

a.        filed, and aided and abetted the filing of, fraudulent insurance claims by falsely representing that an automobile accident had occurred in order to obtain free chiropractic treatment and to recover personal injury settlements from a victim insurance company for no injuries;

b.        recruited participants to be named drivers and passengers in a

26

fictitious accident and provided them with a fictitious story to report to the victim insurance company;

        c.     referred alleged accident victims to a chiropractor and attorneys;

        d.     falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

    4.    Between on or about July12, 2004 and on or about August 4, 2006, defendants STEPHEN RIOS, WALLACE MORRIS, SR., and GLORI A. KASNER, and J.B., Verletha Perry, Booker Hinson, Moses Lewis, and Kirk Battle, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at eastbound Interstate 76 and U.S. Route #1, Philadelphia, Pennsylvania, which allegedly occurred on July 12, 2004.

    5.    Between on or about July12, 2004 and on or about August 4, 2006, J.B. recruited Verletha Perry to be a participant in this fictitious accident, and referred her to defendant WALLACE MORRIS, SR.

    6.    Between on or about July12, 2004 and on or about August 4, 2006, defendant WALLACE MORRIS, SR. recruited Moses Lewis, Kirk Battle, and Booker Hinson to be participants in this fictitious accident, provided a fictitious story for Perry to tell concerning this accident, and accompanied Perry to the office of defendant STEPHEN RIOS.

    7.    Between on or about July12, 2004 and on or about August 4, 2006, defendant STEPHEN RIOS falsified the medical records of Verletha Perry and fraudulently billed State Farm Fire and Casualty Company for more visits and more chiropractic manipulations than he actually provided to Verletha Perry.

8.      Between on or about July12, 2004 and on or about August 4, 2006, defendant STEPHEN RIOS falsified the medical records of Moses Lewis and fraudulently billed American Independent Insurance Company for more visits and more chiropractic manipulations than he actually provided to Moses Lewis.

9.      On or about August 4, 2006, Verletha Perry and defendant GLORI KASNER fraudulently received a civil settlement payment for $2,500 from Rutgers Casualty Insurance Company, which was partially based upon the fictitious treatment records for Perry made by defendant STEPHEN RIOS.

10.     On or about August 4, 2006, Moses Lewis fraudulently received a civil settlement payment for $6,000 from Rutgers Casualty Insurance Company, which was partially based upon the fictitious treatment records for Lewis made by defendant STEPHEN RIOS.

11.     On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**STEPHEN RIOS,**
**WALLACE MORRIS, SR.**
**a/k/a "Pop," and**
**GLORI A. KASNER**,

for the purpose of executing the scheme described above, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of fictitious accident claims:

28

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 23 | Stephen Rios | 07/12/04 | Check to Rios Chiropractic Center from American Independent Insurance Company for treatment of Moses Lewis for $930.90 | 01/23/07 |
| 24 | Stephen Rios Wallace Morris, Sr. | 07/12/04 | Check to Moses Lewis and Glori Kasner from Rutgers Casualty Insurance Company for $6,000 | 08/04/06 |
| 25 | Stephen Rios Wallace Morris, Sr. Glori A. Kasner | 07/12/04 | Check to Verletha Perry and Glori Kasner from Rutgers Casualty Insurance Company for $2,500 | 08/04/06 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNTS TWENTY-SIX THROUGH TWENTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.       Paragraph 1 of Count One of this indictment is incorporated here.

### THE SCHEME TO DEFRAUD

2.       From on or about July 21, 2004, through on or about July 9, 2007, defendants

**STEPHEN RIOS, and
WALLACE MORRIS, SR.,
a/k/a "Pop,"**

and Walter Lyons, Vernon Gilmore, Mumin Gilmore, and Nilda Gonzalez (all charged

elsewhere), and others known to the grand jury, devised and intended to devise a scheme to

defraud, and to obtain money and property by means of false and fraudulent pretenses,

representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.       Defendants STEPHEN RIOS and WALLACE MORRIS, SR., and Walter Lyons,

Vernon Gilmore, Mumin Gilmore, and Nilda Gonzalez:

        a.       filed, and aided and abetted the filing of, fraudulent insurance claims by

falsely representing that an automobile accident had occurred in order to obtain free chiropractic

treatment and to recover personal injury settlements from a victim insurance company for no

injuries;

        b.       recruited participants to be named drivers and passengers in a fictitious

accident and provided them with a fictitious story to report to the victim insurance company;

        c.       referred alleged accident victims to a chiropractor and attorneys;

d.      falsified chiropractic treatment records in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

4.      Between on or about July 21, 2004 and on or about July 9, 2007, defendants WALLACE MORRIS, SR. and STEPHEN RIOS, and Walter Lyons, Vernon Gilmore, Mumin Gilmore, and Nilda Gonzalez were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at Interstate 76 and University Avenue, Philadelphia, Pennsylvania, which allegedly occurred on July 21, 2004

5.      Between on or about July 21, 2004 and on or about July 9, 2007, defendant WALLACE MORRIS, SR. recruited participants for this fictitious accident, took them to a lawyer and doctors, provided a fictitious story to tell concerning the circumstances of this alleged accident, and received kickbacks from the civil settlements fraudulently obtained by the participants.

6.      Between on or about July 21, 2004 and on or about July 9, 2007, defendant STEPHEN RIOS falsified the medical records of Walter Lyons by stating that he treated Lyons on forty separate occasions.

7.      On or about July 9, 2007, Walter Lyons fraudulently obtained a $3,500 settlement payment from the Pennsylvania Financial Responsibility Assigned Claims Fund, which was partially based upon fictitious treatment records for Lyons made by defendant STEPHEN RIOS.

8.      On or about July 14, 2005, Vernon Gilmore, aided and abetted by WALLACE MORRIS, SR., fraudulently obtained a civil settlement of $10,000 from Nationwide Insurance.

31

9.      On or about July 14, 2005, Mumin Gilmore, aided and abetted by WALLACE

MORRIS, SR., fraudulently obtained a civil settlement payment of $8,500 from Nationwide

Insurance.      10.      On or about July 14, 2005, Nilda Gonzalez, aided and abetted by

WALLACE MORRIS, SR., fraudulently obtained a civil settlement of $8,000 from Nationwide

Insurance.

11.      On or about the below dates in the Eastern District of Pennsylvania and

elsewhere, defendants

**STEPHEN RIOS, and**
**WALLACE MORRIS, SR.,**
**a/k/a "Pop,"**

for the purpose of executing the scheme described above, and aiding and abetting its execution,

knowingly caused to be delivered by the United States Postal Service, according to the directions

thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 26 | Wallace Morris, Sr. Stephen Rios | 07/21/04 | Check to Walter Lyons and M.A.K. from Pennsylvania Financial Responsibility Assigned Claims Plan for $3,500 | 07/09/07 |
| 27 | Wallace Morris, Sr. | 07/21/04 | Check to Vernon Gilmore and Law Offices of J.K. from Nationwide Insurance for $10,000 | 07/14/05 |
| 28 | Wallace Morris, Sr. | 07/21/04 | Check to Mumin Gilmore and Law Offices of J.K. from Nationwide Insurance for $8,500 | 07/14/05 |
| 29 | Wallace Morris, Sr. | 07/21/04 | Check to Nilda Gonzalez and Law Offices of J.K. from Nationwide Insurance  for $8,000 | 07/14/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

32

## COUNTS THIRTY THROUGH THIRTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 and 2 of Count One and paragraph 2 of Count Nine of this indictment are incorporated here.

## THE SCHEME TO DEFRAUD

2.     From on or about September 17, 2004, through on or about May 18, 2007, defendants

**STEPHEN RIOS,**
**FABIAN FISHER, and**
**BYRON GOODEN,**

and Jerry Blassengale, a/k/a "B.J.," Daniel Cupaiuolo, Christopher Rosales, and Ambrin Quereshi (all charged elsewhere), and others known to the grand jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

3.     Defendants STEPHEN RIOS, FABIAN FISHER, and BYRON GOODEN, and Jerry Blassengale, Daniel Cupaiuolo, Christopher Rosales, and Ambrin Quereshi:

a.     filed, and aided and abetted the filing of, fraudulent insurance claims by falsely representing that an automobile accident had occurred in order to obtain free chiropractic treatment and to recover personal injury settlements from a victim insurance company for no injuries;

33

b.      recruited participants to be named drivers and passengers in a fictitious accident;

c.      referred alleged accident victims to a chiropractor and attorneys;

d.      falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

4.      Between on or about September 17, 2004 and on or about May 18, 2007, defendants STEPHEN RIOS, FABIAN FISHER, and BYRON GOODEN, and Jerry Blassengale, a/k/a "B.J.," Daniel Cupaiuolo, Christopher Rosales, and Ambrin Quereshi, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at westbound Interstate 76 and South Street, Philadelphia, Pennsylvania, which allegedly occurred on September 17, 2004.

5.      Between on or about September 17, 2004 and on or about May 18, 2007, Jerry Blassengale and Daniel Cupaiuolo recruited participants for this fictitious accident.

6.      Between on or about September 17, 2004 and on or about May 18, 2007, Daniel Cupaiuolo directed one of the accident participants, Christopher Rosales, to treat for his fictitious injuries with defendant STEPHEN RIOS.

7.      Between on or about September 17, 2004 and on or about May 18, 2007, defendant STEPHEN RIOS  falsified the medical records of Christopher Rosales and fraudulently billed American Independent Insurance Company for more visits and more chiropractic manipulations than he actually provided to Christopher Rosales.

34

8.     Between on or about September 17, 2004 and on or about May 18, 2007, defendant FABIAN FISHER went to treat for his alleged injuries as a result of this staged accident with defendant STEPHEN RIOS and filed a false accident claim, knowing that Rios would bill an insurance company for his non-existent injuries.

9.     On or about August 21, 2006, defendant FABIAN FISHER fraudulently received a civil settlement payment for $6,500 from Liberty Mutual Insurance Company.

10.     On or about February 20, 2006, defendant BYRON GOODEN fraudulently received a civil settlement payment for $2,000 from Liberty Mutual Insurance Company.

11.     On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**STEPHEN RIOS,**
**FABIAN FISHER, and**
**BYRON GOODEN**

for the purpose of executing the scheme described above, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 30 | Stephen Rios | 09/17/04 | Check to Rios Chiropractic Center from American Independent Insurance Company, Inc. for treatment of Christopher Rosales for $2,099.52 | 02/09/07 |
| 31 | Fabian Fisher | 09/17/04 | Check to Rios Chiropractic Center from American Independent Insurance Company, Inc. for treatment of Fabian Fisher for $1,617.62 | 05/18/07 |

35

| 32 | Fabian Fisher | 09/17/04 | Check to J.A.K., P.C. and Fabian Fisher from Liberty Mutual Insurance Company for $6,500 | 08/21/06 |
| 33 | Byron Gooden | 09/17/04 | Check to S.L.W., P.C. and Byron Gooden from Liberty Mutual Insurance Company for $2,000 | 02/20/06 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNTS THIRTY-FOUR AND THIRTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraph 1 of Count One and paragraph 2 of Count Nine of this indictment are incorporated here.

### THE SCHEME TO DEFRAUD

2.      From on or about August 9, 2005, through on or about March 9, 2006, defendants

**STEPHEN RIOS, and
JERMAINE BLASSENGALE**

and Jerry Blassengale, a/k/a "B.J.," Bruno Ferrara, and Natasha Nelson (all charged elsewhere), and another known to the grand jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.      Defendants STEPHEN RIOS and JERMAINE BLASSENGALE, and Jerry Blassengale, Bruno Ferrara, and Natasha Nelson:

a.      filed, and aided and abetted the filing of, fraudulent insurance claims by falsely representing that an automobile accident had occurred in order to obtain free chiropractic treatment and to recover personal injury settlements from a victim insurance company for no injuries;

b.      recruited participants to be named drivers and passengers in a fictitious accident;

37

  c.  referred alleged accident victims to a chiropractor;

  d.  intentionally damaged a vehicle to make it look like it had been in an actual accident;

  e.  falsified chiropractic treatment records and billed for fictitious services purportedly provided to alleged accident victims in order to obtain more money for the service provider and in order to obtain higher civil settlements for the alleged accident victims.

  4.  Between on or about August 9, 2005 and on or about March 9, 2006, defendants STEPHEN RIOS and JERMAINE BLASSENGALE  and Jerry Blassengale, Bruno Ferrara and Natasha Nelson, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at eastbound Interstate 76 and Passyunk Avenue, Philadelphia, Pennsylvania, which allegedly occurred on August 9, 2005.

  5.  Between on or about August 9, 2005 and on or about March 9, 2006, Jerry Blassengale obtained a false accident report, recruited Natasha Nelson to be a part of this fictitious accident, and provided a fictitious story for Nelson to tell concerning this alleged accident.

  6.  Between on or about August 9, 2005 and on or about March 9, 2006, defendant JERMAINE BLASSENGALE intentionally damaged the car allegedly involved in this accident by repeatedly driving it into a wall and/or poles, at Jerry Blassengale's request.

  7.  Between on or about August 9, 2005 and on or about March 9, 2006, Natasha Nelson went to treat for her alleged injuries with defendant STEPHEN RIOS, who falsified her records and fraudulently billed Erie Insurance Exchange for more visits and more chiropractic manipulations than he actually provided to Nelson.

38

8.     On or about the below dates in the Eastern District of Pennsylvania and elsewhere, defendants

**STEPHEN RIOS, and
JERMAINE BLASSENGALE**

for the purpose of executing the scheme described above, and aiding and abetting its execution, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|-------|-----------|-------------------------|---------|-----------------|
| 34 | Stephen Rios | 08/09/05 | Check to Rios Chiropractic Center from Erie Insurance Exchange for treatment of Natasha Nelson for 333.93 | 03/09/06 |
| 35 | Jermaine Blassengale | 08/09/05 | Check to Quality Home Construction LLC from The Proformance Insurance Company for $17,345.10 for damages to Bruno Ferrara's car | 09/06/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNTS THIRTY-SIX THROUGH THIRTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 1 and 2 of Count One of this indictment are incorporated here.

## THE SCHEME TO DEFRAUD

2.    From on or about August 12, 2005, through on or about October 14, 2005,

defendant                              **STEPHEN RIOS**

and Daniel Cupaiuolo, Mildred Hart-Bevins, Cassandra Lisbon, Tawanda Lewis, and Kelleigh

Watkins (all charged elsewhere), and another known to the grand jury, devised and intended to

devise a scheme to defraud, and to obtain money and property by means of false and fraudulent

pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

3.    Defendant STEPHEN RIOS and Daniel Cupaiuolo, Mildred Hart-Bevins,

Cassandra Lisbon, Tawanda Lewis, and Kelleigh Watkins:

a.    filed, and aided and abetted the filing of, fraudulent insurance claims by

falsely representing that an automobile accident had occurred in order to obtain free chiropractic

treatment and to recover personal injury settlements from a victim insurance company for no

injuries;

b.    falsified chiropractic treatment records and billed for fictitious services

purportedly provided to alleged accident victims in order to obtain more money for the service

provider and in order to obtain higher civil settlements for the alleged accident victims.

4.      Between on or about August 12, 2005 and on or about October 14, 2005, defendant STEPHEN RIOS and Daniel Cupaiuolo, Mildred Hart-Bevins, Cassandra Lisbon, Tawanda Lewis, and Kelleigh Watkins, were participants in the submission of fraudulent accident claims resulting from a fictitious automobile accident at westbound Interstate 76 and Lincoln Drive, Philadelphia, Pennsylvania, which allegedly occurred on August 12, 2005.

5.      Between on or about August 12, 2005 and on or about October 14, 2005, Cassandra Lisbon went to treat for her alleged injuries as a result of this accident with defendant STEPHEN RIOS.  Defendant RIOS falsified the medical records of Cassandra Lisbon and fraudulently billed USAA Casualty Insurance Company for more visits and more chiropractic manipulations than he actually provided to Cassandra Lisbon.

6.      Between on or about August 12, 2005 and on or about October 14, 2005, Tawanda Lewis went to treat for her alleged injuries as a result of this accident with defendant STEPHEN RIOS.  Defendant RIOS falsified the medical records of Tawanda Lewis and fraudulently billed USAA Casualty Insurance Company for more visits and more chiropractic manipulations than he actually provided to Tawanda Lewis.

7.      Between on or about August 12, 2005 and on or about October 14, 2005, Kelleigh Watkins went to treat for her alleged injuries as a result of this accident with defendant STEPHEN RIOS.  Defendant RIOS falsified the medical records of Kelleigh Watkins and fraudulently billed State Farm Fire and Casualty Company for more visits and more chiropractic manipulations than he actually provided to Kelleigh Watkins.

8.      On or about the below dates in the Eastern District of Pennsylvania and
elsewhere, defendant

**STEPHEN RIOS,**

for the purpose of executing the scheme described above, and aiding and abetting its execution,
knowingly caused to be delivered by the United States Postal Service, according to the directions
thereon, the following items, as a result of fictitious accident claims:

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 36 | Stephen Rios | 08/12/05 | Check to Rios Chiropractic Center from USAA Casualty Insurance Company for treatment of Casandra Lizbon for $287.22 | 10/14/05 |
| 37 | Stephen Rios | 08/12/05 | Check to Rios Chiropractic Center from USAA Casualty Insurance Company for treatment of Twanda Lewis for $510.19 | 10/14/05 |
| 38 | Stephen Rios | 08/12/05 | Check to Rios Chiropractic Center from State Farm Fire and Casualty Company for treatment of Kelleigh Watkins for $659.77 | 10/14/05 |

All in violation of  Title 18, United States Code, Sections 1341 and 2(a).

## COUNT THIRTY-NINE AND FORTY

**THE GRAND JURY  FURTHER CHARGES THAT:**

1.　　Paragraph 1 of Count One of this indictment is incorporated here.

### THE SCHEME TO DEFRAUD

2.　　From on or about April 28, 2008 through on or about July 3, 2008, defendant

### STEPHEN RIOS

devised and intended to devise a scheme to defraud, and to obtain money and property by means

of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.　　Defendant STEPHEN RIOS falsified chiropractic treatment records and billed for

fictitious services purportedly provided to an alleged accident victim in order to obtain more

money for the service provider.

4.　　On April 28, 2008, an undercover officer went to treat with defendant STEPHEN

RIOS for his alleged injuries as a result of an alleged accident.  Defendant RIOS billed Donegal

Mutual Insurance Company for a more complex examination than he actually provided to the

undercover officer.

5.　　On June 11, 2008, an undercover officer went to treat with defendant STEPHEN

RIOS for his alleged injuries as a result of an alleged accident.  Defendant RIOS billed Donegal

Mutual Insurance Company for more procedures than he actually provided to the undercover

officer.

6.      On or about the below dates in the Eastern District of Pennsylvania and

elsewhere, defendant

**STEPHEN RIOS**

for the purpose of executing the scheme described above, knowingly caused to be delivered by

the United States Postal Service, according to the directions thereon, the following item, as the

result of a fictitious claim of treatment.

| COUNT | DEFENDANT | DATE OF ACCIDENT REPORT | MAILING | DATE OF MAILING |
|---|---|---|---|---|
| 39 | Stephen Rios | 03/11/08 | Billing for treatment of David Kelly on April 28, 2008 to Donegal Mutual Insurance Company from Stephen Rios for $365 | 05/19/08 |
| 40 | Stephen Rios | 03/11/08 | Billing for treatment of David Kelly on June 11, 2008 to Donegal Mutual Insurance Company from Stephen Rios for $130. | 07/03/08 |

All in violation of Title 18, United States Code, Sections 1341 and 2(a).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. As a result of the violations of Title 18, United States Code, Section 1341,

set forth in this indictment, defendants

### STEPHEN RIOS,

shall forfeit to the United States of America any property that constitutes, or is derived from,

proceeds obtained directly or indirectly from the commission of such offenses, including, but not

limited to, the sum of  $69,004, and:

   2. If any of the property subject to forfeiture, as a result of any act or

omission of the defendants:

     (a) cannot be located upon the exercise of due diligence;

     (b) has been transferred or sold to, or deposited with, a third party;

     (c) has been placed beyond the jurisdiction of the Court;

     (d) has been substantially diminished in value; or

     (e) has been commingled with other property which cannot be divided

       without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of

the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2).


**A TRUE BILL:**


_____

**GRAND JURY FOREPERSON**



_____

**MICHAEL L. LEVY**
**UNITED STATES ATTORNEY**